IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**NEAL SALOMON,**

        Plaintiff,

        v.

**MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, et al.,**

        Defendants.

No. 3:11-cv-01007-HU

OPINION AND ORDER

**MOSMAN, J.**,

On January 13, 2012, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") [27] in the above-captioned case, recommending that I grant plaintiff's motion to remand [8] and remand this case to state court. Massachusetts Mutual Life Insurance Company ("Mass Mutual") filed objections [29], and plaintiff responded [31].

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Mass Mutual objects on the grounds that Judge Hubel ignored its argument that a statute of repose bars the one claim against defendant Ted Miller—the negligence claim—that Judge Hubel found overcomes the "fraudulent joinder" doctrine. This objection fails because Oregon law is not clear on the applicability of the repose statute at issue.

Joinder is "fraudulent" only when "the plaintiff fails to state a cause of action against a resident defendant, *and the failure is obvious according to the settled rules of the state*." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citation omitted) (emphasis added). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that joinder was proper." *Id.* (quotation omitted). Thus, the court must resolve "all questions of disputed fact and controlling law against the party seeking removal." *King v. Aventis Pasteur, Inc.*, 210 F. Supp. 2d 1201, 1209 (D. Or. 2002).

The Oregon statute of repose at issue here provides: "In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the

date of the act or omission complained of." Or. Rev. Stat. § 12.115(1). While several Oregon cases discuss this statute, the parties have not identified a case applying it to a negligence claim like the one at issue here. And the existing case law does not make it "obvious" that the statute applies on these facts, or instead, as plaintiff argues, does not apply here because this is not an action for "injury to person or property of another." *Compare Davis v. Somers*, 915 P.2d 1047, 1049 (Or. Ct. App. 1996) (applying repose statute where plaintiffs brought negligence suit alleging injury to their rights in the disposition of an estate), *and Withers v. Milbank,* 678 P.2d 770, 771 (Or. Ct. App. 1984) (applying repose statute to suit alleging negligent drafting of prenuptial agreement and reasoning the statute "has been held to apply to a wide range of tort actions" and "[t]here is no reason to treat legal malpractice actions differently than other types of negligence"), *with Securities-Intermountain, Inc. v. Sunset Fuel Co.*, 611 P.2d 1158, 1162 (Or. 1980) (construing statute of limitations with similar language and finding it inapplicable to an action seeking recovery for costs incurred repairing defective construction because "the phrase 'injuries to . . . person(s) or to property' was thought to encompass what is commonly meant by 'personal injuries,' i.e. bodily injuries including their psychic consequences, and physical damage to existing tangible property, *but not financial losses*") (emphasis added), *and Portland Trailer & Equipment, Inc. v. A-1 Freeman Moving & Storage, Inc.*, 5 P.3d 604, 607 (Or. Ct. App. 2000) (interpreting parallel language in Oregon's long arm statute and holding the language renders the statute inapplicable to all claims for "damages arising from economic loss").

     Given the fraudulent joinder standard at issue here, it is unnecessary for me to determine the applicability of Or. Rev. Stat. § 12.115(1) to this action. Suffice it to say, any failure to state

a claim against Mr. Miller due to this repose statute is not "obvious" under "settled" Oregon law. That conclusion answers the fraudulent joinder question.[1]

In his response to Mass Mutual's objections, plaintiff argues Judge Hubel improperly found that his breach of contract claim against Mr. Miller fails due to untimeliness. I agree with Judge Hubel's analysis of this claim, and therefore reject this belated objection. It is sufficiently clear under Oregon law that a contract to procure specific insurance is breached once non-complying insurance is purchased. It is also sufficiently clear that the six-year limitations period applicable to this breach of contract claim begins to run whether or not the non-breaching party was aware of the breach and the extent of damage. (*See* F&R [27] 12–16).

## CONCLUSION

Upon review, I agree with Judge Hubel's recommendation and I ADOPT the F&R [27] as my own opinion. The motion to remand [8] is GRANTED and this case is remanded to Multnomah County Circuit Court. Plaintiff's request for attorney fees and costs is DENIED.

IT IS SO ORDERED.

DATED this __30th__ day of March, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

---

[1] Mass Mutual alternatively argues that, because plaintiff seeks emotional distress damages, he turned this into a suit for injury to person or property. However, I find the import of the emotional distress damages is not "obvious" under "settled" Oregon law. Moreover, even assuming these damages would require dismissal of the entire negligence claim against Mr. Miller, it appears from the face of the current complaint that this problem could be cured via amendment. *See Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1068 (9th Cir. 2001) (looking beyond original pleadings in applying fraudulent joinder doctrine); *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant . . . . Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency.") (alterations and quotations omitted).